PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* DIGNO GELY, Defendant and Appellant.

No. 3271.   Argued November 22, 1927.—Decided January 25, 1928.

596

*Arcilio Alvarado* for the appellant. *José E. Figueras, Fiscal*, for the appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

On January 24, 1927, the district attorney of Guayama filed an information against Digno Gely for violation of the Act providing punishment for the adulteration of milk and for other purposes of August 12, 1925, as follows:

"The aforesaid defendant, Digno Gely, prior to the filing of this information, or about the 14th of December, 1926, on Francisco Lebrón St. of Patillas, which forms a part of the judicial district of Guayama, then and there, illegally and wilfully and through Dupin Gely, offered for sale as pure, cow's milk diluted with approximately 40 per cent of water artificially added.

"The district attorney calls attention to the fact that this defendant is a recidivist, he having been sentenced by this Court for the same offense on January 5, 1925, to fifteen days in jail, no appeal having been taken from that judgment which therefore was final."

On being arraigned the defendant pleaded not guilty. The trial was set for March 14th. At the trial the defendant again pleaded not guilty and immediately submitted his evidence. On the day of the trial the court convicted the defendant of the crime of adulterating milk and in view of the allegation and showing that this was his second offense, sentenced him to nine months in jail and five hundred dollars fine, without costs, ordering the revocation of the license authorizing the defendant to sell and distribute milk.

Gely took the present appeal and assigns a single error as follows:

"That the information does not adduce facts sufficient to deter-' mine a commission of the offense of adulterating milk as a second offense."

The first ground of his conclusion is that at the time of the first conviction, or January 5, 1925, the Act punishing the adulteration of milk of August 12, 1925, which was applied by the judge, was not in effect.

The answer of the *Fiscal* is that although the information states that the defendant had been sentenced previously on January 5, 1925, the evidence, which was admitted without objection during the trial, showed that it was on February 5, 1926, when the said act was already in force.

As the question is raised for the first time in this Supreme Court, that is sufficient in accordance with the jurisprudence established in *People* v. *Quirindongo*, 31 P.R. R. 609.

Another ground of the appellant's conclusion is that although it is alleged in the information that the previous judgment of conviction had not been appealed from, it is not alleged that the defendant was not pardoned. He contends, without citing authorities, that in Porto Rico the pardon for an offense constitutes a complete exoneration.

Corpus Juris sums up the jurisprudence in the matter as follows:

"While there are decisions to the contrary, according to the weight of authority the fact that accused was pardoned for his prior offense does not exempt him from the increased punishment on a subsequent conviction." 16 C. J. 1342.

The reason for the rule is given in a note taken from a Kentucky case. It is as follows:

"The pardon relieved the convict of the entire penalty incurred by the offense pardoned, and nothing else or more. It neither did nor could relieve from any penal consequence resulting from a dif-

ferent offense, committed after the pardon, and never pardoned. The increased punishment prescribed by the statute for the subsequent offense was no part of the penal consequences of the first offense, but applied exclusively to the last as aggravated by its repetition of the same crime. The Legislature, as required by justice and policy, ought to have provided a severer punishment for repeated than for only one crime; and whether it had done so by duplicating, for a second offense, the punishment of the first, or by any other measure of augmentation, cannot be material. In any aspect, the augmented punishment is for the last, and not at all for the first offense; and, of course, a pardon of the first could, in no way or degree, operate as a pardon of the last offense or remission of any portion of the punishment denounced for the perpetration of it." *Mount* v. *Com.*, 2 Duv. (Ky.) 93, 95; 16 C. J. 1342, note (*a*).

The last ground of the appeal is that the information did not allege the date of the commission of the first offense.

The information would have been more complete if that date had been alleged, but as the date of the conviction was alleged, that was sufficient. If the accused had been convicted already when he committed the second offense, it is evident that the offense had been committed previously. And that is all that the law requires: Commission and conviction prior to the second offense. It seems well to reproduce a summary of the jurisprudence on that point. We take it from Ruling Case Law and it is as follows:

"The decisions are not uniform as to whether the prior conviction must take place before the later offense, or whether the subsequent offense may be committed before any conviction. Some authorities hold that the statutes apply although the second offense was before the defendant was convicted of the first offense, while others maintain that inasmuch as statutes of this nature are reformatory they do not contemplate any enhanced punishment for an act committed before a conviction was had on another offense of the same kind, but only for a person who after conviction does not reform but persists in committing other offenses of a like character. In applying this rule a distinction has been drawn between the popular and the technical meaning of the word conviction. In common parlance a verdict of guilty is said to be a conviction, and this pop-

ular meaning has been given to it, when rights other than those of the one who has been found guilty have been before the courts. But a very different situation is presented when one is confronted with an indictment charging him with a prior conviction of a similar offense, and the statute makes his alleged repetition of it a distinct crime, for which, on conviction of it, severer penalties are to be imposed. In such a case the word 'conviction' must be given its strict legal meaning of judgment on a plea or verdict of guilty. The severer penalty is imposed by the legislature because that imposed for the first offense was ineffectual. The second offense, carrying with it severer penalties, is therefore not committed in law until there has been judgment for the first." 8 R.C.L. 275.

By virtue of the foregoing, as the only error assigned by the appellant was not committed and having made a general examination of the record without finding anything essential requiring the reversal of the judgment, it must be affirmed.